**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert A. CALLOWAY, aka Robert Anthony Calloway; Robert Calloway; Bob Calloway, Defendant–Appellant.**

No. 06–50293.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2008.*

Filed May 14, 2008.

Ellen R. Meltzer, U.S. Department of Justice, Criminal Division, Washington, DC, Michael J. Raphael, Esq., Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Robison D. Harley, Jr., Esq., Santa Ana, CA, for Defendant–Appellant.

Before: WARDLAW, IKUTA, Circuit Judges, and BEISTLINE,** District Judge.

**MEMORANDUM** ***

The facts of this case are known to the parties.

Pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 3663A, we find that the district court neither erred nor abused its discretion in ordering Calloway to pay $10,945,391.89 in restitution. *See United States v. Bussell,* 504 F.3d 956, 964 n. 9 (9th Cir.2007); *United States v. Gamboa–Cardenas,* 508 F.3d 491, 495 (9th Cir.2007).

Notwithstanding, the matter is remanded to the district court to specify the manner and schedule according to which the restitution is to be paid, in consideration of: (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents. *See* 18 U.S.C. § 3664.

**AFFIRMED AND REMANDED.**